UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOHN FAIRCHILD and SUSIE, FAIRCHILD, individually, and as Independent Administrators of, and on behalf of, the ESTATE OF KELLI LEANNE PAGE and the heirs-at-law of KELLI LEANNE PAGE, | § § § § § § § | |
| Plaintiffs, | § § | CASE NO. 6:19-cv-00029-ADA-JCM |
| v. | § § | JURY DEMANDED |
| CORYELL COUNTY, TEXAS; STEVEN RUSSELL LOVELADY; and WESLEY HARLAND PELFREY, | § § § § § | |
| Defendants. | § | |

# PLAINTIFFS' RESPONSE TO "DEFENDANT CORYELL COUNTY, TEXAS' MOTION FOR SUMMARY JUDGMENT PREDICATED ON THE INDIVIDUAL DEFENDANTS' QUALIFIED IMMUNITY DEFENSE"

T. Dean Malone
Attorney-in-charge
Texas State Bar No. 24003265
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:      (214) 670-9904
dean@deanmalone.com

Of Counsel:
Michael T. O'Connor
Texas State Bar No. 24032922
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:       (214) 670-9904
michael.oconnor@deanmalone.com

TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... 2
TABLE OF AUTHORITIES .............................................................................................. 3
I. INTRODUCTION ................................................................................................. 4
II. LEGAL STANDARDS – A LOCAL GOVERNMENT EMPLOYER'S INDEPENDENT *MONELL* LIABILITY. ................................................................................................. 4
III. ARGUMENT ......................................................................................................... 7
CERTIFICATE OF SERVICE ........................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985)......................................................... 6
*Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017) ............................. 5
*Barrett v. Orange County Human Rights Com'n*, 194 F.3d 341, 350 (2d Cir. 1999)...................... 6
*Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015) ............................................................. 4
*Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004).......................................... 6
*Chew v. Gates*, 27 F.3d 1432, 1439 (9th Cir. 1994) ................................................................. 5
*Fairley v. Luman*, 281 F.3d 913, 916–18 (9th Cir. 2002)......................................................... 6
*Garcia v. Salt Lake County*, 768 F.2d 303, 310 (10th Cir. 1985)............................................. 6
*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)........................................... 4
*Hopkins v. Andaya*, 958 F.2d 881, 888 (9th Cir. 1992) ........................................................... 7
*Morgan v. Fairfield Cty., Ohio*, 903 F.3d 553, 565-67 (6th Cir. 2019)...................................... 5
*Newcomb v. City of Troy*, 719 F. Supp. 1408, 1416–17 (E.D. Mich. 1989)................................ 5
*Owen v. City of Independence*, 445 U.S. 622, 652, 100 S. Ct. 1398 (1980)............................... 5
*Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)........................................................ 4
*Rivas v. Freeman*, 940 F.2d 1491 (11th Cir. 1991) .................................................................. 7
*Thomas v. Cook County Sheriff's Dep't*, 588 F.3d 445, 455 (7th Cir. 2009) ............................. 6

**Statutes**

42 U.S.C. § 1983.................................................................................................................... 4

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs file this Response to Defendant Coryell County's motion for summary judgment (ECF No. 35); and for such would respectfully show the Court as follows:

I. INTRODUCTION

Coryell County's motion is premised upon the assumption that if the defense of qualified immunity is applicable to the two individual defendants, then there can be no liability against the County. The County's premise is incorrect. As discussed in Plaintiffs' response to the individual Defendants' motions for summary judgment, fact issues preclude summary judgment on the individual Defendants' motions for summary judgment. But even if this was not the case, a determination that qualified immunity applies to its jailers would not resolve the issue of the County's liability. Further, the Court's scheduling order does not allow for a *Monell* motion at this time because discovery had been limited to Phase 1, qualified immunity, and Phase 2 discovery does not begin until November 29. (Dkt 21 [Joint Proposed Scheduling Order]) Accordingly, the County's motion for summary judgment should be denied.

II. LEGAL STANDARDS – A LOCAL GOVERNMENT EMPLOYER'S INDEPENDENT *MONELL* LIABILITY.

A municipality or county is a "person" under 42 U.S.C. § 1983, and so can be held liable for constitutional injuries for which it is responsible. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). This does not include respondeat superior liability: a municipality is liable only for its own wrongdoing, not the wrongdoings of its employees. *Baynes v. Cleland*, 799 F.3d 600, 620 (6th Cir. 2015). Municipalities and local governments can be held liable in at least three circumstances: (1) harm caused by direct actions of the governmental entity itself, *see Pembaur*

*v. City of Cincinnati*, 475 U.S. 469, 480 (1986); (2) harm caused by the entity's policies or customs, *see Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993); and (3) harm caused by employees for whom the entity has failed to provide adequate training, *see Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 738 (2018). When the injury is a result of an action of an employee who has not been trained properly, courts apply "rigorous requirements of culpability and causation"—holding a municipality liable if it has been deliberately indifferent to constitutional rights. *Arrington-Bey*, 858 F.3d at 995 (quoting *Brown*, 520 U.S. at 415). On the other end of the spectrum, when an act of the municipality itself causes the injury, "fault and causation obviously apply." *Id*. at 994. Likewise, when an injury is caused by the straightforward carrying out of a municipal policy or custom, the determination of causation is easy. *See Garner*, 8 F.3d at 364–65.

An employer is not relieved of its own constitutional violations merely because its employees are not liable. Thus, a determination that qualified immunity applies to individual actors does not *ipso facto* relieve the governmental entity for which they worked from liability. *See, e.g., Morgan v. Fairfield Cty., Ohio*, 903 F.3d 553, 565-67 (6th Cir. 2019) (holding that County was liable for policy causing officer's unconstitutional search of premises, and resulting injuries to plaintiffs, notwithstanding that qualified immunity applied to officers because law was not clearly established at the time of officers' unconstitutional search); *Chew v. Gates*, 27 F.3d 1432, 1439 (9th Cir. 1994) (noting that a determination that Los Angeles officer was protected by qualified immunity would not bar action against the city); *Newcomb v. City of Troy*, 719 F. Supp. 1408, 1416–17 (E.D. Mich. 1989) (successful qualified immunity defense by officer did not preclude determination that City was responsible for unconstitutional conduct for which it, unlike the officer, enjoys no immunity); *see also Owen v. City of Independence*, 445 U.S. 622,

652, 100 S. Ct. 1398 (1980) (a "'systemic' injury" may "result not so much from the conduct of any single individual, but from the interactive behavior of several government officials, each of whom may be acting in good faith." (citation omitted)).

Similarly, the combined conduct of several municipal employees acting pursuant to municipal policy may add up to a constitutional violation even if none of the named defendants individually violated the Constitution. *See, e.g., Barrett v. Orange County Human Rights Com'n*, 194 F.3d 341, 350 (2d Cir. 1999) ("[U]nder *Monell* municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of named individual defendants."); *Garcia v. Salt Lake County*, 768 F.2d 303, 310 (10th Cir. 1985) ("if the County had ten people working for it and following a pattern and practice of the County the jury could find all of them not guilty, and still the cumulative effect of what they did pursuant to the practice or policy of the County could be a violation of the Act by the County).

Likewise, a municipality's failure to provide adequate jail funding, staffing, or procedures may cause a constitutional violation even if the individual staff members involved are doing the best under untenable circumstances. *See Thomas v. Cook County Sheriff's Dep't*, 588 F.3d 445, 455 (7th Cir. 2009) (finding deliberate indifference by governmental defendant, notwithstanding lack of such findings against individual defendants, where known breakdown in procedures made it impossible for medical staff to respond adequately); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) (failure to provide substitute nurse when jail nurse was absent could support municipal liability); *Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985) (*Monell* and its progeny do not require that a jury must first find an individual defendant liable before imposing liability on local government.).

For similar reasons, a municipality may be liable where the plaintiff's injury results from improper training or procedure even if the individual officer is exonerated. *See Fairley v. Luman*, 281 F.3d 913, 916–18 (9th Cir. 2002) (improper arrest and detention resulted from "the collective inaction of the Long Beach Police Department"); *Hopkins v. Andaya*, 958 F.2d 881, 888 (9th Cir. 1992) (city could be liable for improper training/procedure even if the officer was found not liable for excessive use of force); *Rivas v. Freeman*, 940 F.2d 1491 (11th Cir. 1991) (county held liable for lack of policies, procedures, and training, but arresting officers were merely negligent and their acts flowed from the lack of policies).

III. ARGUMENT

Coryell County's motion for summary judgment is misdirected, and in any event, premature. The County's motion is based on the unfounded notion that if qualified immunity applies to the individual defendant officers, the County cannot be subject to *Monell* liability. This is inaccurate. As discussed *supra*, there are a number of circumstances when a local governmental employer may be liable for its own unconstitutional conduct, even though its employees are not. This specifically includes where employees are immune pursuant to qualified immunity, but the local governmental unit for which they worked is not. In the present case, the individual Defendants are not entitled to qualified immunity, but even if they were, that would not *ipso facto* resolve the issue of the County's liability. The County presents no other basis for summary judgment. Accordingly, its motion should be denied.

Alternatively, because discovery in this case has been limited to the qualified immunity defense of the individual defendants, the County's motion is premature and should be denied without prejudice. *See* (Dkt 21 [Joint Proposed Scheduling Order]) Plaintiffs have not been allowed discovery necessary to defend against a summary judgment motion on Plaintiffs' *Monell*

claims. Thus, in the unlikely event that the Court determines that qualified immunity applies to the individual defendants, it should nonetheless deny the County's motion without prejudice pending completion of discovery on Plaintiffs' *Monell* claims.

## IV. CONCLUSION

For the foregoing reasons, the motion for summary judgment of Defendant Coryell County should be denied. Alternatively, the motion should be dismissed without prejudiced pending the conclusion of merits discovery. Plaintiffs seek such further or other relief to which they are justly entitled.

Respectfully submitted,

    /s/ T. Dean Malone
T. Dean Malone
Attorney-in-charge
Texas State Bar No. 24003265
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904
dean@deanmalone.com

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904
michael.oconnor@deanmalone.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2019 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Eric A. Johnston
McGinnis Lochridge LLP
600 Congress Ave., Suite 2100
Austin, Texas 78701
ATTORNEY FOR DEFENDANT
CORYELL COUNTY, TEXAS

J. Eric Magee
Allison, Bass & Magee, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
ATTORNEYS FOR DEFENDANT
STEVEN RUSSELL LOVELADY

S. Cass Weiland
Robert A. Hawkins
Squire Patton Boggs LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
ATTORNEYS FOR DEFENDANT
WESLEY HARLAND PELFREY

                                                    /s/ T. Dean Malone
                                                      T. Dean Malone