IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOHN FAIRCHILD and SUSIE FAIRCHILD, individually, and as Independent Administrators of, and on behalf of the ESTATE OF KELLI LEANNE PAGE and the heirs-at-law of KELLI LEANNE PAGE, | § § § § § § | |
| | § | CASE NO. 6:19-CV-00029-ADA-JCM |
| Plaintiffs, | § | |
| v. | § § | |
| CORYELL COUNTY, TEXAS; STEVEN RUSSELL LOVELADY; and WESLEY HARLAND PELFREY, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' JOINT OBJECTIONS TO INTERVENTION OF TIFFANY GRUWELL

COME NOW, Defendants Coryell County, Texas, Steven Russell Lovelady, and Wesley Harland Pelfrey (collectively "Defendants"), by and through their counsel of record, and file their Joint Objections to Tiffany Gruwell's Intervention [Dkt. #43] filed on October 7, 2019,[1] and in support thereof state as follows:

## SUMMARY OF ARGUMENT

Tiffany Gruwell's attempt to intervene should be denied for three reasons:

1. Tiffany Gruwell ("Gruwell") is already represented in this case [Dkt. #17, pp. 4,5].

2. The attempt to intervene is in violation of Sec. 71.004, Texas Civil Practice and Remedies Code.

3. The attempt to intervene is untimely.

---

[1] Defendants were served with a Memorandum in Support of Motion to Intervene, but no actual motion, although such is required by Rule 24 (c) Fed. R. Civ. P.

# DISCUSSION

I. **The Intervenor is already represented.**

This case was filed on January 30, 2019, by counsel on behalf of, *inter alia*, the Independent Administrators of the Estate of Kelli Leanne Page, and her heirs-at-law. In her Plea in Intervention, Gruwell concedes that the Complaint and a later Amended Complaint were, indeed, filed on behalf of the Administrators of the Estate of Kelli Leanne Page and Page's heirs-at-law, and that she is an heir. Hence, Gruwell's interests are protected, in that current counsel for the heirs-at-law has filed all appropriate pleadings and the issues involved in Page's death are fully joined, and there is no claim of inadequacy of counsel.[2]

II. **The Intervention is in violation of Sec. 71.004, Texas Civil Practice and Remedies Code**

Section 71.004 (c) relating to wrongful death states:

> If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

Here, the proposed Intervenor seeks damages for the wrongful death of Page, thus triggering Chapter 71 of the Civil Practice and Remedies Code. *See* Plea in Intervention [Dkt. 43, ¶ 7].

III. **The attempt to intervene is untimely**

The Court will take note of the substantial progress of this case: The Complaint has been filed and amended. Scheduling conferences have been conducted by all the lawyers involved. A

---

[2] The Plea in Intervention makes no assertion that counsel for the Administrators and heirs has failed to perform adequately. In fact, the Court has no doubt already taken notice of the professional quality of Plaintiffs' pleadings, including the voluminous record created in connection with pending motions for summary judgment. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538-539 (1972); *Hopwood v. Texas*, 1994 U.S. Dist. LEXIS 21546 at 9* (.D. Tex. Jan. 19, 1994).

Scheduling Order has been entered. Depositions of the Defendants have been conducted in Gatesville. Summary judgment motions, which included significant briefing, have been filed. The Plaintiffs have retained an expert witness and responded to the summary judgment motions with voluminous briefing and an appendix containing over 300 pages of alleged support for their position.

Thus, given the advanced status of the case and the absence of any explanation for the sudden appearance of new counsel, Defendants are left with the impression that the Intervenor was content to stand by while current counsel undertook the arduous task of attempting to avoid a dismissal based on qualified immunity. This delay is fatal to her position.

The Intervenor's Memorandum in Support [Dkt. 43-1] fails to cite which provision of Rule 24 was relied upon by the Intervenor. Suffice it to say that none of Rule 24's subparts support intervention, and Rule 24 (b)(3) Delay or Prejudice, certainly militates against intervention.

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that intervention should be denied.

Respectfully submitted,

*/s/ S. Cass Weiland*
S. Cass Weiland
Robert A. Hawkins
State Bar No. 00796726
SQUIRE PATTON BOGGS LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201
(214) 758-1500
(214) 758-1550 (fax)
cass.weiland@squirepb.com
robert.hawkins@squirepb.com

**ATTORNEYS FOR DEFENDANT WESLEY PELFREY**

*/s/ J. Eric Magee*
J. Eric Magee
State Bar No. 24007585
ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 898-1
(512) 482-0701
(512)480-0902 (fax)
e.magee@allison-bass.com

**ATTORNEY FOR DEFENDANT STEVEN RUSSELL LOVELADY**

*/s/ Eric A. Johnston*
Eric A. Johnston
State Br No. 24070009
Andrew M. Edge
State Bar No. 24071446
McGINNIS LOCHBRIDGE LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 (fax)
ejohnston@mcginnislaw.com
aedge@mcginnislaw.com

**ATTORNEYS FOR CORYELL COUNTY, TEXAS**

## CERTIFICATE OF CONFERENCE

I certify that on October 11, 2019, the undersigned conferred with Plaintiffs' counsel, Dean Malone, and he advised that he wished to take no position on the issue.

*/s/ S. Cass Weiland*
S. Cass Weiland

## CERTIFICATE OF SERVICE

I certify that on October 14, 2019, a true and correct copy of the foregoing was served on all counsel of record.

*/s/ S. Cass Weiland*
S. Cass Weiland