## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JOHN FAIRCHILD and SUSIE FAIRCHILD, individually, and as Independent Administrators of, and on behalf of, the ESTATE OF KELLI LEANNE PAGE and the heirs-at-law of KELLI LEANNE PAGE, | § § § § § § § | |
| Plaintiffs, | § § | CASE NO. 6:19-cv-00029-ADA-JCM |
| | § | JURY DEMANDED |
| v. | § § | |
| CORYELL COUNTY, TEXAS; STEVEN RUSSELL LOVELADY; and WESLEY HARLAND PELFREY, | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' RESPONSE TO
## "DEFENDANTS' JOINT MOTION TO CONTINUE TRIAL DATE AND OTHER SCHEDULING ORDER DEADLINES"

T. Dean Malone
Attorney-in-charge
Texas State Bar No. 24003265
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904
dean@deanmalone.com

Of Counsel:
Michael T. O'Connor
Texas State Bar No. 24032922
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904
michael.oconnor@deanmalone.com

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs file this Response in opposition to "Defendants' Joint Motion to Continue Trial Date and Other Scheduling Order Deadlines" (ECF No. 57), and for such would respectfully show the Court as follows:

## I.      Introduction

Early in this case, the parties jointly agreed to a trial date of July 13, 2020, set nearly 18 months following the filing of Plaintiffs' complaint. The parties further agreed on a Joint Proposed Scheduling and Discovery Plan (ECF No. 19) that allowed all parties ample time for discovery and filing dispositive motions.

The agreed trial date is nearly three years following the untimely, unnecessary death of Kelli Leanne Page on October 8, 2017, while detained at the Coryell County jail. At significant expense in time and resources, Plaintiffs prepared diligently from the outset with the intention of trying the case on the agreed date and bringing closure to Kelli Leanne's grieving parents, John and Susie Fairchild. Unfortunately for John, the wait was too long.  John passed away last year, unable to reach closure on his daughter's death.

For Susie, nearly 72 years old, the seemingly interminable wait for trial has been a painful, agonizing time, during which she has been required time and again to relive the pain of her daughter's death, now without the support of her husband. Susie has nonetheless derived some solace from the knowledge that a date for resolution of this matter is set for July, and that with the new year that date is finally in sight.

Whether Defendants might need to undertake "extraordinary" efforts to prepare for trial by July, notwithstanding over two years of public and private investigations into Kelli's untimely

death, is of no consequence to Kelli's mother. She is ready for trial, and her attorneys will be ready to proceed as scheduled. Trial should not be delayed. Regardless, Defendants have done nothing after conclusion of the Phase 1 discovery period to conduct discovery or seemingly do anything else to prepare their defense of Plaintiffs' claims.

## II.    Argument

To prepare for trial in July of this year, Plaintiffs' attorneys served multiple sets of written discovery; collected documents from Defendants and multiple third parties; took oral depositions; retained and commissioned reports from several testifying experts; served initial disclosures and four amendments thereto; served a number of depositions by written questions seeking documents, recordings, and other items; and responded to Defendants' three motions for summary judgment. In contrast, Defendants have chosen to rest on their pending summary judgment motions, as is their right, and have thus far declined to conduct virtually any formal discovery of their own. No Defendant has served any interrogatories. No Defendant has served any requests for admission. No Defendant has served any requests for production, except a single request for production by the County asking Plaintiffs to produce all items listed in their initial disclosures (which Plaintiffs had already served with the initial disclosures). No Defendant has taken any depositions by written questions. No Defendant has taken, or even asked to take, any oral depositions.

Defendants of course lived the events at issue, and they have had access to all the evidence since October 2017, obtained through the County's own investigation and that of the Texas Rangers. Consequently, it is not clear what discovery Defendants believe they need to prepare for trial. But even that would be superfluous if Defendants, as they have done so far, are prepared to rest on their position that they are entitled to judgment as a matter of law. If Defendants are right, which Plaintiff's disagree, there is nothing Plaintiffs can prove at trial that would alter the outcome.

That Defendants nonetheless perceive the need to undertake extraordinary efforts to prepare for trial can mean only that they entertain the prospect that this Court, and if need be the Fifth Circuit, will conclude that their arguments for judgment as a matter of law lack merit. Otherwise, there would be nothing Defendants need to accomplish that requires any effort, much less extraordinary effort or delay of the agreed trial date.

The legal authority Defendants cite for limiting discovery addresses the necessity that a plaintiff's pleading state a plausible claim for relief before individual defendants asserting qualified immunity must expend resources defending the lawsuit. Plaintiffs did this, and this lawsuit is well advanced beyond that point. Discovery related to the individual Defendants' qualified immunity defense has been completed, and the burden of discovery on that issue already borne. The individual Defendants should suffer no substantial burden if Plaintiffs now proceed with discovery relevant to the County's *Monell* liability, for which the County has no immunity defense. Given the procedural posture of the case, any burden on the individual Defendants arising from Plaintiffs' *Monell* discovery would consist of little more than that borne by any non-party witness.

Plainly, Defendants' continuance motion is for the benefit of the County, not the individual Defendants. Staying discovery against the County on its *Monell* liability does little if anything to reduce the burden of discovery on the individual Defendants, particularly when qualified immunity discovery has already been concluded. Rather, on the hope that this Court will erroneously dismiss Plaintiffs' claims on the pending summary judgment motions, the County has declined to prepare for trial, and now seeks to delay Plaintiffs' *Monell* discovery to prevent Plaintiffs from preparing. The County obviously recognizes that dismissal of Plaintiffs' claims is unlikely, otherwise it would not contemplate the need for extraordinary efforts to prepare for the scheduled trial setting after

the Court delivers its ruling on the Individual Defendants' qualified immunity motions. Delaying *Monell* discovery at this juncture serves no legitimate purpose, and is delay for delay's sake. The County is hardly the first defendant that has been required to prepare for trial notwithstanding an unresolved dispositive motion. Certainly the scheduling order did not require a ruling on the Defendants' qualified immunity motions before the parties proceeded with *Monell* discovery. If lawsuits came to a halt every time a defendant filed a dispositive motion, litigation could not proceed on a timely basis.

Parties who fail to prepare for trial because they hope that a dispositive motion might obviate the need to prepare do so at their own risk. No doubt little sympathy would exist for Plaintiffs' counsel, had counsel neglected to secure experts as required by the scheduling order and otherwise neglected continuing with trial preparation merely because counsel wished to wait on the qualified immunity rulings before incurring further expense. There are many good reasons for continuing trial dates, such as family emergencies, unavailability of witnesses, or competing obligations of counsel that are impossible to resolve by other means. And Plaintiffs' counsel would readily accommodate a request of that nature. But waiting for summary judgment rulings before beginning to prepare is not a meritorious reason for delaying trial. Such a continuance penalizes the diligent and rewards procrastination.

In the spirit of cooperation, Plaintiffs' counsel had indicated his willingness to accommodate scheduling changes for the convenience of the Defendants that do not require delaying the agreed trial date and would not otherwise prejudice Plaintiffs. As reflected in Plaintiffs' November 27, 2019 letter to all defense counsel (Exhibit A), counsel for Plaintiffs proactively contacted all defense counsel and left a voicemail message inquiring whether any Defendant desired to extend various time periods in the scheduling order. Plaintiffs' counsel

received a call from counsel for one Defendant. However, no Defendant provided any proposal. Defendants therefore presumably indicated that they remained content with the current scheduling order.

Plaintiff also, in the same letter, requested responses to all outstanding discovery requests that had been deferred while discovery was limited to qualified immunity. (*Id.*). Plaintiffs' counsel followed up – three more times – by letters of December 20, January 6, and January 10 – requesting supplementation of the previously–deferred written discovery responses. (Exhibit B (Letter of Dec. 20, 2019); Exhibit C (Letter of Jan. 6, 2020); and Exhibit D (Letter of Jan. 10, 2020)). Plaintiff's counsel mentioned in the last letter that he would need to draft a motion to compel is if his letters continued to be ignored. Ex. D. Every letter was ignored. Plaintiff will now be forced to draft and file what should be an unnecessary motion to compel.

Additionally, on December 9 and 12, Plaintiff served additional written discovery requests on Defendants (Exhibit E), and shortly thereafter requested scheduling of the deposition of Coryell County, proposing 13 alternative dates in January and February. (Exhibit F [Letter of Dec. 19, 2019] & Exhibit G [Letter of Dec. 23, 2019]). On December 23, Plaintiffs also requested dates for scheduling the depositions of non-parties Tyrell Washington and Cheryl Pruitt. Exhibit G. On December 23, 2019, Plaintiff's served the Fourth Amended Plaintiff's Rule 26(a)(1) Initial Disclosures (including Expert Designations), timely providing, in accordance with the agreed scheduling order, additional expert designations and reports. (Exhibit H)(attachments omitted). Having again received no response from defense counsel, Plaintiffs noticed those depositions for January 28 along with that of Coryell County. (Exhibit D; Exhibit I [Letter of Jan. 7, 2020]). Rather than timely responding to Plaintiff's counsel and diligently preparing for trial throughout November and December, Defendants waited until January 8, 2020 and filed their motion for

continuance. Defendants' desire to wait for resolution of their pending summary judgment motions before preparing for the July trial date works hardship upon Plaintiff and frustrates the pursuit of justice by unnecessarily delaying resolution of this matter.  Defendants' request should be denied.

III.     Conclusion

Courts should be forever mindful that behind every continuance in a case involving tragic injuries and deaths, there is a grieving family pleading for closure. For them it is not simply another day of scheduling depositions, producing documents, and quizzing experts. It is the continuation of grief and misery without closure.  Such is true for nearly 72-year-old Susie Fairchild.  The timely disposition of litigation is itself an important public policy goal and must be balanced against all others. In this instance, the balance weighs heavily in favor of timely resolution. Defendants' motion should be denied.

Respectfully submitted,

_____/s/ T. Dean Malone_____
T. Dean Malone
Attorney-in-charge
Texas State Bar No. 24003265
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904
dean@deanmalone.com

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904
michael.oconnor@deanmalone.com

Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Eric A. Johnston
McGinnis Lochridge LLP
600 Congress Ave., Suite 2100
Austin, Texas  78701
*Attorney for Defendant Coryell County, Texas*


J. Eric Magee
Allison, Bass & Magee, L.L.P.
A.O. Watson House
402 W. 125h Street
Austin, Texas  78701
*Attorney for Defendant Steven Russell Lovelady*


S. Cass Weiland
Robert A. Hawkins
Squire Patton Boggs LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas  75201
*Attorney for Defendant Wesley Pelfrey*


Cory W. Smith
Daniel Stark Law, PC
P.O. Box 1153
Bryan, Texas  77806
*Attorney for Intervenor Tiffany Gruwell*


      /s/ T. Dean Malone
        T. Dean Malone