

Founders Square
900 Jackson Street, Suite 730
Dallas, Texas 75202

LAW OFFICES OF
**DEAN MALONE**

Telephone: 214.670.9989
Fax: 214.670.9904
www.deanmalonelawfirm.com

December 19, 2019

Via Email – ejohnston@mcginnislaw.com

Mr. Eric A. Johnston
McGinnis Lochridge
600 Congress Ave., Suite 2100
Austin, Texas 78701

Via Email – e.magee@allison-bass.com

Mr. J. Eric Magee
Allison, Bass & Magee, LLP
402 W. 12th Street
Austin, Texas 78701

Via Email – cass.weiland@squirepb.com

Mr. S. Cass Weiland
Mr. Robert A. Hawkins
Squire Patton Boggs, LLP
2000 McKinney Ave., Suite 1700
Dallas, TX 75201

Via Email – csmith@danielstarklaw.com

Cory W. Smith
Daniel Stark Law, PC
P.O. Box 1153
Bryan, Texas 77806

RE: *John Fairchild and Susie Fairchild, individually, and as Independent Administrators of, an on behalf of, the Estate of Kelli Leanne Page and the heirs-at-law of Kelli Leanne Page v. Coryell County, Texas, Steven Russell Lovelady, and Wesley Harland Pelfrey;* Civil Action No. 6:19-cv-00029; in the United States District Court for the Western District of Texas, Waco Division.

Dear Counsel:

I attach a proposed notice for the deposition of Coryell County, Texas. Please provide at your earliest convenience dates on which the County would be available for the taking of its deposition on topics listed in the notice. I am currently available for the deposition January 22, 23, and 27 through 30, 2020, and February 3 through 6, 10, 12, and 13, 2020.

Sincerely,

T. Dean Malone

TDM/cmr
Attachment

Page 1 of 1

EXHIBIT F

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

JOHN FAIRCHILD and SUSIE §
FAIRCHILD, individually, and as §
Independent Administrators of, and on §
behalf of, the ESTATE OF KELLI §
LEANNE PAGE and the heirs-at-law of §
KELLI LEANNE PAGE, §
§
§ CASE NO. 6:19-CV-00029-ADA-JCM
Plaintiffs, §
§ JURY DEMANDED
v. §
§
CORYELL COUNTY, TEXAS; §
STEVEN RUSSELL LOVELADY; and §
WESLEY HARLAND PELFREY, §
§
Defendants. §

## SECOND NOTICE TO TAKE ORAL DEPOSITION OF DEFENDANT CORYELL COUNTY, TEXAS (PHASE 2 DISCOVERY PERIOD)

TO: Defendant Coryell County, Texas by and through its attorney of record, Eric A. Johnston, McGinnis Lochridge LLP, 600 Congress Ave., Suite 2100, Austin, Texas 78701.

T. Dean Malone, attorney for Plaintiff in the case described in the caption above, will take the oral deposition of Defendant Coryell County, Texas (hereinafter "You," "Your," and "Coryell County") at ___:___ a.m. on _____, _____, 2020 at Coryell County Attorney's Office, 210 South 7th Street, Gatesville, Texas 76528. Unless otherwise noted, the relevant time period for the topics listed below begins October 8, 2013 and ends October 8, 2018.

"Kelli Page" means Kelli LeAnne Page.

"Document(s)" means all written, typed, or printed matter and all magnetic, computer, or other records or documentation of any kind or description (including but not limited to letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter- and intra-office communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and worksheets), including but not limited to drafts and copies not identical to the originals, all photographs and graphic matter, however produced or

reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in the possession, custody, or control of the party responding to the discovery request.

"File" means a collection or group of documents and tangible items kept together in folders, notebooks, or other devices for separating or organizing documents and tangible items.

"Incident" means the October 8, 2017 interaction between Kelly Page, Steven Lovelady, and Wesley Pelfrey in a jail cell in Coryell County, Texas, at the conclusion of which Kelli Page died.

"Jail Building" means the building in which the Incident occurred.

"Mental Disability" means:

- mental impairment that substantially limits one or more major life activities of an individual; or
- a record of mental impairment that substantially limits one or more major life activities of an individual; or
- being regarded as having a mental impairment that substantially limits one or more major life activities of an individual.

"Person" means any natural person, corporation, limited liability company, form, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity.

"Prior Use of Force Incident" means the October 7, 2017 interaction between Kelli Page, Steven Lovelady, and Tyrell Washington in a jail cell in Coryell County, Texas, at the conclusion of which Kelli Page was removed from the cell.

"Steven Lovelady" means Defendant Steven Russell Lovelady.

"Wesley Pelfrey" means Defendant Wesley Harland Pelfrey.

"You" and "Your" means Coryell County.

The deposition will be on the following topics:

1) All of Plaintiff's allegations in the latest amended complaint regarding:

- your policies, practices, and/or customs;
- allegations regarding actions you took and/or did not take;
- Prior Use of Force Incident; and
- Incident;

2) The Incident and the Prior Use of Force Incident;

3) All documents, emails, photographs, digital images, audio recordings, and video recordings related to the Prior Use of Force Incident and/or the Incident:

- you produced with discovery responses in this case;
- you produced to Plaintiff's counsel in response to Public Information Act requests made on or after January 1, 2018;
- you produced to any governmental body or agency (including but not limited to Texas Department of Public Safety, Texas Rangers, any district attorney's office, and/or any county attorney's office); and/or
- which you made and/or caused to be made and which were ever in your possession;

4) All documents, emails, photographs, digital images, audio recordings, and video recordings regarding the incarceration of Kelli Page in the Jail Building on October 2017 which:;

- you produced with discovery responses in this case;
- you produced to Plaintiff's counsel in response to Public Information Act requests made on or after January 1, 2018;
- you produced to any governmental body or agency (including but not limited to Texas Department of Public Safety, Texas Rangers, any district attorney's office, and/or any county attorney's office); and/or
- which you made and/or caused to be made and which were ever in your possession;

5) All documents, emails, photographs, digital images, audio recordings, and video recordings regarding all communications by and between your law enforcement officers, jailers, jail administrators, and jail staff, regarding Kelli Page, when she was a prisoner in the Jail Building in October 2017;

6) Your discovery responses in this lawsuit, served on or after December 2, 2019, including documents, photographs, and recordings produced, but excluding objections and/or privilege assertions;

7) All training and instruction you contend Steven Lovelady and/or Wesley Pelfrey received before the date of the Incident regarding use of OC spray, use of restraint chairs, and/or extracting (or removing) prisoners from cells;

8) Audio recordings, video recordings, and photographs of any portion of the Incident and/or Prior Use of Force Incident;

9) Your factual admissions, factual denials, factual assertions, and assertions that you lack knowledge or information sufficient to for a belief as to the truth of factual

allegations made by the Plaintiff in her complaint, and which were made by you in your answer(s) in this lawsuit;

10) The factual basis for your defenses to, and your allegations and contentions in and related to, Plaintiff's claims in this lawsuit;

11) Your data retention policies effective on the date of the Incident for items including but not limited to documents, audio recordings, video recordings, e-mails, and records of mobile data terminal transmissions;

12) Documents, photographs, recordings, electronic files, and tangible items produced to you by Plaintiff in this lawsuit (excluding medical records and medical bills);

13) Your employment, hiring, supervision, training, and termination of Steven Russell Lovelady and Wesley Harland Pelfrey; and

14) Any change in policy, procedure, or practice instituted by you as a result of the Incident as a result of the Incident and/or Prior Use of Force Incident.

You must - a reasonable time before the deposition - (1) designate one or more English-speaking individuals to testify on your behalf and (2) set forth, for each individual designated, the matters on which the individual will testify. Further, each individual designated must testify as to matters known or reasonably available to you.

The deposition will continue from day-to-day until completed. A court reporter shall record the deposition stenographically, and the deposition shall be recorded by audio and video.

Respectfully submitted,

T. Dean Malone
Attorney-in-charge
Texas State Bar No. 24003265
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904
dean@deanmalone.com

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
Law Offices of Dean Malone, P.C.
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone: (214) 670-9989
Telefax: (214) 670-9904
michael.oconnor@deanmalone.com

## CERTIFICATE OF SERVICE

I certify that my office served a copy of this document on the following parties' respective attorneys in charge via email and facsimile-transmission on December 19, 2019.

Eric A. Johnston
McGinnis Lochridge LLP
600 Congress Ave., Suite 2100
Austin, Texas 78701

J. Eric Magee
Allison, Bass & Magee, L.L.P.
A.O. Watson House
402 W. 125h Street
Austin, Texas 78701

S. Cass Weiland
Robert A. Hawkins
Squire Patton Boggs LLP
2000 McKinney Ave., Suite 1700
Dallas, Texas 75201

_____
T. Dean Malone