IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JOHN FAIRCHILD, SUSIE FAIRCHILD, | § § | |
|     *Plaintiffs,* | § § | 6:19-CV-00029-ADA |
| *v.* | § § § | |
| CORYELL COUNTY, TEXAS, STEVEN RUSSELL LOVELADY, WESLEY HARLAND PELFREY, | § § § § | |
|     *Defendants*. | § | |

## ORDER GRANTING DEFENDANT CORYELL COUNTY, TEXAS'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Coryell County, Texas's Motion for Summary Judgment, which is based on the individual Defendants' qualified immunity defense. ECF No. 35. The Defendants are Steven Russell Lovelady and Wesley Harland Pelfrey. In separate orders the Court has granted their Motions for Summary Judgment based on qualified immunity. Thus, the question is whether that also entitles defendant Coryell County to summary judgment. The Court finds that it does.

Defendant Coryell County argues first that it, as a governmental entity, has no liability under § 1983 unless the Plaintiffs can establish an underlying constitutional violation. No liability exists under the doctrine of *respondeat superior* in claims brought under 42 U.S.C. § 1983. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752–53 (5th Cir. 2009). In a § 1983 lawsuit against a municipality, a plaintiff must show that his constitutional injury was the result of official policy, custom, or the act of an official policymaker. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *see also Duvall v. Dall. Cnty., Tex.*, 631 F.3d 203, 209 (5th Cir. 2011). Defendants Lovelady and Pelfrey have established that Plaintiffs have failed to raise an issue of triable fact that Page was subjected to

excessive force or any other constitutional violation. Relying on the defenses articulated by these officers who are Defendants defendant Coryell County contends that it is relying on a basic principle of civil rights law, namely—"if the plaintiff does not show any violation of his constitutional rights, there exists no liability to pass through to the [local government entity]." *Brown v. Lyford*, 243 F.3d 185, 191 n.18 (5th Cir. 2001) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). The majority of circuits have construed *Heller* to demand a dismissal of the *Monell* claim where there has been a finding of no constitutional violation on the part of the individual officer. The Court finds further that all of the Defendants are entitled to summary judgment against Plaintiffs' state law wrongful death and survival claims, as these claims are derivative to and dependent on Plaintiffs' failed constitutional claims, and immunity bars the state law claims.

When a defendant invokes the defense of qualified immunity, the burden is on the plaintiff to demonstrate its inapplicability. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). To overcome qualified immunity, the plaintiff must show that (1) there was a violation of a constitutional right; and (2) the right at issue was "clearly established" at the time of the defendant's conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing the framework set forth in *Saucier v. Katz*, 533 U.S. 194 (2001)). Overcoming qualified immunity is especially difficult in excessive-force cases. This "is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (quoting *Mullenix*, 136 S. Ct. at 309). Excessive-force claims such as the ones asserted here turn on "split-second decisions" to use some amount of force, including lethal force. *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572,

582 (5th Cir. 2009). That means the law must be *so* clearly established that—in the blink of an eye, in the middle of a high-speed chase—that every reasonable officer recognizes it as such immediately. *See id.*

The defendant County contends that it is entitled to summary judgment on the basis that the Plaintiff cannot establish that her constitutional rights were violated. Thus, the first step of the qualified immunity analysis, whether a constitutional violation has occurred, is dispositive of Plaintiff's claims against the County as well as the officers. Defendant Coryell County contends that if the Court finds that the defenses raised by Officers Lovelady and Pelfrey are sustained by this Court then it too is entitled to dismissal of this cause of action. The individual Defendants argue that the Plaintiff has failed to raise an issue of triable fact that Ms. Page was subjected to excessive force or any other constitutional violation.

Qualified immunity is inappropriate only when the officer had "fair notice"— "in light of the specific context of the case, not as a broad general proposition"—that his *particular* conduct was unlawful. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (quotation omitted); *accord City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1776 (2015) ("Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures."); *Wilson v. Layne*, 526 U.S. 603, 615 (1999) (similar); *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (similar).

The Court has carefully considered the cases proffered by the Plaintiff in an effort to establish that a governmental entity may still face potential liability for the underlying constitutional violation even in a situation as here, where the Court has found that qualified immunity immunizes the individual defendants. The Court finds that none of them are sufficiently on all fours with the situation in this case. To begin with, they are not Fifth Circuit

cases and the issue of liability with respect to both law officers and their employers has been addressed in this circuit in a robust manner.

Other cases cited by the Plaintiff are unpersuasive because the alleged constitutional violation at issue did not involve allegations of excessive force. *See, e.g. Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) (wrongful arrest and detention); *Rivas v. Freeman*, 940 F.2d 1491, 1495–96 (11th Cir. 1991) (wrongful arrest and detention); *Owen v. Independence*, 445 U.S. 622, 630 (1980) (dismissal of employment case). Claims made against law enforcement officers that arise out of alleged violations of the Fourth, Eighth, and Fourteenth Amendment have been plentiful, so much so that it makes a great difference whether the claim is for false imprisonment or excessive force or wrongful arrest. And these are the larger buckets, there are cases that have literally addressed issues such as the application of handcuffs to restrain individuals.

As a result, and as the cases cited by Plaintiff quite clearly evidence, the Courts have treated constitutional violations differently with respect to whether individual officers were independently responsible for causing the violation. *Fairley,* 281 F.3d at 916 (municipal liability for excessive force precluded by exoneration of individual officers, but does not preclude municipal liability for arrest without probable cause and deprivation of liberty because "[t]hese alleged constitutional deprivations were not suffered as a result of the actions of individual officers, but as a result of the collective inaction of the Long Beach Police Department"); *Anderson v. Atlanta*, 778 F.2d 678, 683-686 (11th Cir. 1985) (no individual corrections officer at fault for inmate who overdosed, but bureau director and city liable for deliberate indifference violation as a result of staffing policy).

This case involves allegations of unconstitutional excessive force against Officer Lovelady and Officer Pelfrey for the manner in which they restrained Page and attempted to

recover the handcuffs and calm her down. The Court concurs with the argument made by the defendant County that if Plaintiffs' allegations of the individual officers' excessive force are insufficient to overcome summary judgment, then there is no constitutional violation to be analyzed under *Monell*.

The Court rejects Plaintiff's contention that the County's motion is premature because the current phase of this case is confined to qualified immunity. Were the Court to have found that either of the individual defendants was not entitled to qualified immunity then certainly the issue would be ripe for the Court to consider, and most likely to deny. Instead, the Court holds today, as a matter of law, that the Plaintiff has failed to overcome each officer's qualified immunity defense and that Plaintiff has failed to establish a violation of Page's constitutional rights. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001). Given the Court's determination with respect to the individuals, and the Court's determination that the Plaintiff had failed to establish a constitutional violation, Plaintiff will not be able to articulate colorable claims against the County. Thus, summary judgment in favor of the County is appropriate at this phase of the proceeding.

The Court finds, as a matter of law, that defendant Coryell County is not liable to Plaintiff on any of her claims. The Court dismisses the claims against Coryell County with Prejudice.

IT IS THEREFORE ORDERED that Coryell County, Texas's Motion for Summary Judgment (ECF No. 35) is **GRANTED**.

SIGNED this 24th day of February, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE